Filed 6/10/22  P. v. Holloway CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B316482 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA002691) |
| v. | |
| JEFFREY LEE HOLLOWAY, | |
| Defendant and Appellant. | |

THE COURT:

Jeffrey Lee Holloway appeals the order of the superior court denying his postjudgment petition to designate two felony convictions to misdemeanors pursuant to Proposition 47.  (Pen. Code,[1] § 1170.18, subds. (f)–(h).)  We appointed counsel to represent Holloway on appeal.  After examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Serrano* (2012)

---

[1] Undesignated statutory references are to the Penal Code.

211 Cal.App.4th 496 (*Serrano*).  Thereafter, appellant filed his own supplemental brief, in propria persona.

## BACKGROUND

On June 1, 1990, appellant was convicted by plea of attempted robbery (§§ 664/211) with personal use of a firearm (§ 12022.5, subd. (a)), and assault with a firearm (§ 245, subd. (a)(2)) with personal use of a firearm (§ 12022.5, subd. (a)). According to the amended abstract of judgment, appellant was sentenced to three years in state prison for these offenses. Appellant's three-year sentence in this case was ordered consecutive to the sentences imposed in three other cases, for a total term of 27 years in state prison.

On September 15, 2021, appellant filed a petition for reclassification of his felony convictions as misdemeanors pursuant to Proposition 47 (§ 1170.18, subds. (f)–(h)) and section 17, subdivision (b).  In his petition (as well as in his supplemental brief on appeal) appellant asserted that because his crimes in this case were "wobblers" and the court imposed a sentence of 11 months (335 days) in county jail, he was entitled to have his convictions reclassified as misdemeanors.  On October 14, 2021, the superior court denied the petition on the ground that appellant's convictions do not fall within the scope of Proposition 47.  The court further noted that appellant did not successfully complete probation and was sentenced to state prison.

## DISCUSSION

Because the instant appeal is not from his conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  (See *People v. Kelly* (2006) 40 Cal.4th 106,

119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *Serrano, supra,* 211 Cal.App.4th at p. 503; see also *Pennsylvania v. Finley* (1987) 481 U.S. 551, 559.) However, he is entitled to appellate consideration of the contentions raised in his supplemental brief. (See *Serrano,* at p. 503.)

In his supplemental brief appellant contends that because the trial court did not impose a prison sentence on the convictions for assault with a deadly weapon (§ 245, subd. (a)(2)) and attempted robbery (§§ 664/211), but instead exercised its discretion to sentence appellant to county jail for 11 months (335 days), these offenses must be deemed misdemeanors for all purposes under section 17, subdivision (b). Therefore, according to appellant, the superior court erred in denying appellant's 1170.18 petition to redesignate these offenses as misdemeanors. Appellant further asserts his attempted robbery conviction should be reclassified as a misdemeanor because, under section 490.2, "obtaining any property by theft constitutes petty theft if the property is worth less than $950." These contentions fail.

As noted above, there is no indication in the record before us that appellant's offenses in this case—assault with a deadly weapon (§ 245, subd. (a)(2)) and attempted robbery (§§ 664/211)—were ever treated as anything but felonies. The amended abstract of judgment clearly indicates that appellant was sentenced to three years in state prison on these convictions. That three-year sentence was consecutive to the sentences imposed in three other cases, for a total term of 27 years in state prison (specifically, California Institute for Men in Chino). There is simply nothing beyond appellant's own assertion to support his claim that he was sentenced in this case or in any other to a term

of 11 months (335 days) in county jail with a "tail of probation" upon completion of the sentence. Because appellant's convictions continue to qualify as felonies, he is not entitled to have them redesignated as misdemeanors.

Moreover, neither section 211 nor section 245 is listed in section 1170.18 as an offense to which the redesignation procedure under section 1170.18, subdivision (f) applies. Appellant is therefore not eligible for redesignation of his felony convictions as misdemeanors, and the superior court properly denied his petition for relief under Proposition 47.

Finally, appellant pleaded guilty to attempted robbery under sections 664/211, not to a violation of section 490.2. Robbery is defined as "the *felonious* taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211, italics added.) Robbery is not mere theft but is accomplished by "means of force or fear." (*Ibid.*) The crime is, by definition, a felony. Even if the value of the personal property appellant attempted to take was less than $950, the offense remained attempted robbery; the value of the property did not transform it into attempted petty theft or any other misdemeanor. Appellant—who was convicted of attempted robbery—is not statutorily eligible for relief under section 1170.18.

4

**DISPOSITION**

The order denying appellant's petition for redesignation of his felony convictions for attempted robbery (Pen. Code, §§ 664/211) and assault with a deadly weapon (Pen. Code, § 245, subd. (a)(2)) pursuant to Penal Code section 1170.18 is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.

5